# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO J. JACOBO IV,<br><br>Petitioner,<br><br>v.<br><br>STANISLAUS COUNTY SUPERIOR COURT,<br><br>Respondent. | Case No. 1:22-cv-00022-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND[1]**

On April 5, 2019, Petitioner got in a vehicle with other codefendants with the intention of helping fire a gun at the victim. Petitioner traveled with other codefendants, found the victim, and aided and assisted in having the gun fired at the victim. When Petitioner committed the offense, he did so for the benefit of the Norteño criminal street gang. (RT[2] 12.)

On February 3, 2021, Petitioner pleaded no contest to Count II (assault with a firearm) and admitted to the California Penal Code section 186.22(b)(1) criminal street gang enhancement in exchange for a sentence of nine years imprisonment (four-year aggravated term for assault with a firearm plus five years for the section 186.22(b)(1) enhancement) and the dismissal of the

---

[1] The summary of the facts of the offense are taken from the plea colloquy as Petitioner did not file a direct appeal.
[2] "RT" refers to the Reporter's Transcript lodged by Respondent. (ECF No. 16.)

1  remaining charges. (LD[3] 3; RT 3–4, 12, 16, 30, 32–33.) That same day, Petitioner was sentenced

2  to an imprisonment term of nine years. (LD 4; RT 32–33.)[4]

3        Petitioner did not file a direct appeal. On August 25, 2021, Petitioner filed a state habeas

4  petition in the Stanislaus County Superior Court, which denied the petition on August 30, 2021.

5  (LDs 6, 7.) On September 9, 2021, Petitioner filed a state habeas petition in the California

6  Supreme Court, which denied the petition on November 23, 2021. (LDs 8, 9.)

7        Petitioner filed the instant federal habeas petition in the United States District Court for

8  the Northern District of California. (ECF No. 1.) Subsequently, the matter was transferred to this

9  Court. (ECF Nos. 4, 5.) In the petition, Petitioner contends that the trial court improperly

10  imposed the gang enhancement without a finding by a jury. Petitioner alleges that he "plead[ed]

11  to the assault with a firearm. But then the judge added the enhancement." (ECF No. 1 at 3.)[5]

12  Respondent has filed an answer. (ECF No. 17.)

13                                        **II.**

14                            **STANDARD OF REVIEW**

15        Relief by way of a petition for writ of habeas corpus extends to a person in custody

16  pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

17  or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

18  529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed

19  by the U.S. Constitution. The challenged conviction arises out of the Stanislaus County Superior

20  Court, which is located within the Eastern District of California. 28 U.S.C. § 2241(d).

21        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

22  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

23  enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

24  Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is

25  therefore governed by its provisions.

26

27  [3] "LD" refers to the documents lodged by Respondent. (ECF No. 16.)
    [4] That same day, Petitioner also resolved two other cases that are not at issue in this federal habeas petition. (LD 4;
    RT 2.)

28  [5] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred

2  unless a petitioner can show that the state court's adjudication of his claim:

3        (1) resulted in a decision that was contrary to, or involved an
         unreasonable application of, clearly established Federal law, as
4        determined by the Supreme Court of the United States; or

5        (2) resulted in a decision that was based on an unreasonable
         determination of the facts in light of the evidence presented in the
6        State court proceeding.

7  28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538

8  U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

9        As a threshold matter, this Court must "first decide what constitutes 'clearly established

10  Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71

11  (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this

12  Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as

13  of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words,

14  'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles

15  set forth by the Supreme Court at the time the state court renders its decision." Id. In addition,

16  the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal

17  principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in

18  . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of

19  review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v.

20  Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v.

21  Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an

22  end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552

23  U.S. at 126; Moses, 555 F.3d at 760.

24        If the Court determines there is governing clearly established Federal law, the Court must

25  then consider whether the state court's decision was "contrary to, or involved an unreasonable

26  application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C.

27  § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the

28  state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

3

1    of law or if the state court decides a case differently than [the] Court has on a set of materially

2    indistinguishable facts." <u>Williams</u>, 529 U.S. at 412–13; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "The

3    word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character

4    or nature,' or 'mutually opposed.'" <u>Williams</u>, 529 U.S. at 405 (quoting Webster's Third New

5    International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to

6    [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the

7    governing law set forth in [Supreme Court] cases." <u>Id.</u> If the state court decision is "contrary to"

8    clearly established Supreme Court precedent, the state decision is reviewed under the pre-

9    AEDPA de novo standard. <u>Frantz v. Hazey</u>, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

10       "Under the 'reasonable application clause,' a federal habeas court may grant the writ if

11   the state court identifies the correct governing legal principle from [the] Court's decisions but

12   unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

13   "[A] federal court may not issue the writ simply because the court concludes in its independent

14   judgment that the relevant state court decision applied clearly established federal law erroneously

15   or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411; <u>see also</u> <u>Lockyer</u>,

16   538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists

17   could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."

18   <u>Richter</u>, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the

19   correctness of the state court's decision, the decision cannot be considered unreasonable. <u>Id.</u> If

20   the Court determines that the state court decision is objectively unreasonable, and the error is not

21   structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious

22   effect on the verdict. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993).

23       The Court looks to the last reasoned state court decision as the basis for the state court

24   judgment. <u>Wilson v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018); <u>Stanley v. Cullen</u>, 633 F.3d 852, 859

25   (9th Cir. 2011). If the last reasoned state court decision adopts or substantially incorporates the

26   reasoning from a previous state court decision, this Court may consider both decisions to

27   ascertain the reasoning of the last decision. <u>Edwards v. Lamarque</u>, 475 F.3d 1121, 1126 (9th Cir.

28   2007) (en banc). "When a federal claim has been presented to a state court and the state court has

1  denied relief, it may be presumed that the state court adjudicated the claim on the merits in the

2  absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at

3  99. This presumption may be overcome by a showing "there is reason to think some other

4  explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v.

5  Nunnemaker, 501 U.S. 797, 803 (1991)).

6      Where the state courts reach a decision on the merits but there is no reasoned decision, a

7  federal habeas court independently reviews the record to determine whether habeas corpus relief

8  is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853

9  (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional

10  issue, but rather, the only method by which we can determine whether a silent state court

11  decision is objectively unreasonable." Himes, 336 F.3d at 853. While the federal court cannot

12  analyze just what the state court did when it issued a summary denial, the federal court must

13  review the state court record to determine whether there was any "reasonable basis for the state

14  court to deny relief." Richter, 562 U.S. at 98. This Court "must determine what arguments or

15  theories . . . could have supported, the state court's decision; and then it must ask whether it is

16  possible fairminded jurists could disagree that those arguments or theories are inconsistent with

17  the holding in a prior decision of [the Supreme] Court." Id. at 102.

**III.**

**REVIEW OF CLAIM**

20      Petitioner asserts that the trial court improperly imposed the gang enhancement without a

21  finding by a jury, alleging that he "plead[ed] to the assault with a firearm. But then the judge

22  added the enhancement." (ECF No. 1 at 3.) Respondent argues that the state court reasonably

23  rejected Petitioner's illegal sentence claim. (ECF No. 17 at 4.) The claim was raised in the state

24  habeas petition filed in the Stanislaus County Superior Court, which denied the petition, stating:

25      The thrust of Petitioner's claims are that the judge imposing sentence improperly
    imposed an aggravated sentence by considering factors not found true by a jury.
26  There was no jury trial. The sentence imposed was a negotiated sentence pursuant
    to a plea bargain. This is not a violation of Apprendi v. New Jersey (2000) (530
27  U.S. 466), as argued by the Petitioner. "Where the defendants have pleaded guilty
    in return for a specified sentence, appellate courts will not find error even though
28  the trial court acted in excess of jurisdiction in reaching that figure, so long as the

1
2
3

trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (People v. Hester (2000) 22 Cal.4th 290, 295, original emphasis omitted.)

4    (LD 7 at 1–2.) The claim was later raised in the state habeas petition filed in the California

5    Supreme Court, which summarily denied the petition. (LDs 8, 9.)

6        Here, the transcript of Petitioner's plea hearing establishes that Petitioner pleaded no

7    contest to Count II (assault with a firearm) and admitted to the California Penal Code section

8    186.22(b)(1) criminal street gang enhancement in exchange for a sentence of nine years

9    imprisonment (four-year aggravated term for assault with a firearm plus five-year section

10   186.22(b)(1) enhancement) and the dismissal of the remaining charges. With respect to the plea,

11   the following colloquy occurred:

12
13
14

THE COURT: And as to Angelo Joseph Jacobo, in case number CR-19-006245, Mr. Angelo Jacobo, in that case, Count II alleges that on or about April the 5th, 2019, you committed a felony, assault with a firearm, a serious felony, in violation of Penal Code Section 245(a)(2). What is your plead to Count II in that case?

15       DEFENDANT ANGELO JACOBO: No contest.

16
17
18

THE COURT: And, Angelo Jacobo, do you admit or do you deny that that offense was committed for the benefit of, at the direction of, and in association with a criminal street gang, specifically the Norteños, in violation of Penal Code Section 186.22(b)(1)? Do you admit or do you deny that gang enhancement?

19       DEFENDANT ANGELO JACOBO: I admit.

20   (RT 30.) Additionally, earlier in the hearing, the trial court asked whether Petitioner "agree[d]

21   that there is a factual basis for [his] plea to Count II *and admission of gang enhancement*?" (RT

22   12 (emphasis added).) Petitioner answered, "Yeah." (Id.) At sentencing, the trial court

23   specifically noted: "*Because you have admitted a 186.22(b)(1) gang enhancement*, an additional

24   five years is added for a total state prison commitment of nine years." (RT 33 (emphasis added).)

25       Petitioner asserts that the trial court improperly imposed the gang enhancement without a

26   finding by a jury. Petitioner alleges that he "plead[ed] to the assault with a firearm. But then the

27   judge added the enhancement." (ECF No. 1 at 3.) However, as set forth above, the transcript

28   establishes that Petitioner pleaded no contest to the assault with a firearm count *and admitted the*

1   *gang enhancement*. (RT 30.) Therefore, the trial court properly imposed the additional five-year

2   term for the section 186.22(b)(1) gang enhancement. Because Petitioner's "claim fails under de

3   novo review, it necessarily fails under AEDPA's deferential review." <u>Sexton v. Cozner</u>, 679 F.3d

4   1150, 1156 (9th Cir. 2012) (citing <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 389 (2010)).

5   Accordingly, Petitioner is not entitled to habeas relief on this claim, and the petition should be

6   denied.

7                                    **IV.**

8                            **RECOMMENDATION**

9        Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of

10  habeas corpus be DENIED.

11       This Findings and Recommendation is submitted to the assigned United States District

12  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

13  Rules of Practice for the United States District Court, Eastern District of California. Within

14  **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

15  written objections with the court and serve a copy on all parties. Such a document should be

16  captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

17  objections shall be served and filed within fourteen (14) days after service of the objections. The

18  assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

19  § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time

20  may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,

21  839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23  IT IS SO ORDERED.

24  Dated:   **November 5, 2022**

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                    7